UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTHONY FALSO,

                              Plaintiff,

                                                                                           <u>DECISION AND ORDER</u>

                                                                                              09-CV-6651L

                        v.

ROCHESTER CITY SCHOOL DISTRICT,

                              Defendant.
_____

**<u>INTRODUCTION</u>**

Plaintiff Anthony Falso ("Falso"), proceeding *pro se*, brings this action alleging that defendant the Rochester City School District (the "District"), discriminated against him with respect to his employment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), and specifically on the basis of his Italian-American ancestry.

Falso was initially hired by the District on or around May 7, 2006 as a substitute teacher. Between May 2006 and October 2007, when Falso's employment with the District was terminated, the District received three Substitute Teacher Performance Complaints concerning Falso's conduct, as well as an e-mail report by an Assistant Principal, forwarding allegations of misconduct that had been made against Falso by several students.  On October 19, 2007, the District advised Falso that as a result of these complaints, it was removing his name from the roster of substitute teachers.

Falso initiated the instant action on December 18, 2009.  The District now moves for summary judgment dismissing the complaint pursuant to Fed. R. Civ. Proc. 56, on the grounds that Falso has failed to establish a *prima facie* case of discrimination, and/or cannot rebut the District's

legitimate, nondiscriminatory reason for terminating his employment. For the reasons set forth below, the District's motion for summary judgment (Dkt. #11) is granted, the complaint is dismissed, the District's request for sanctions is denied without prejudice, and plaintiff is again cautioned to discontinue the pursuit of frivolous *pro se* claims in this Court, at the risk of incurring sanctions pursuant to Fed. R. Civ. Proc. 11.

## DISCUSSION

### I. Summary Judgment in Discrimination Cases

Where the record demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law," summary judgment is appropriate. Fed. R. Civ. P. 56(c). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). While Courts are wary of granting summary judgment in cases where motive, intent or state of mind are at issue, a common component of discrimination actions, *see Dister v. Cont'l Group, Inc.*, 859 F.2d 1108, 1114 (2d Cir.1988); *Montana v. First Federal Savings and Loan Ass'n of Rochester*, 869 F.2d 100, 103 (2d Cir.1989), "the salutary purposes of summary judgment – avoiding protracted, expensive and harassing trials – apply no less to discrimination cases than to... other areas of litigation." *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir.1985) (summary judgment rule would be rendered sterile if mere incantation of intent or state of mind would act as a talisman to defeat an otherwise valid motion). *See also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000), *quoting St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 524 (1993) (trial courts should not "treat discrimination differently from other ultimate questions of fact").

Where, as here, the party opposing summary judgment is proceeding *pro se*, the Court must "read the pleadings ... liberally and interpret them to raise the strongest arguments that they suggest." *Corcoran v. New York Power Auth.*, 202 F.3d 530, 536 (2d Cir.1999). However, "proceeding *pro se* does not otherwise relieve [the opposing party] from the usual requirements of

summary judgment." *Fitzpatrick v. N.Y. Cornell Hosp.*, 2002 U.S. Dist. LEXIS 25166 at *5 (S.D.N.Y. 2003).

Falso's claims of employment discrimination pursuant to Title VII are subject to the burden-shifting analysis articulated in *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973). First, Falso must establish a *prima facie* case of discrimination by demonstrating: (1) membership in a protected class; (2) satisfactory job performance; and (3) an adverse employment action, occurring under (4) circumstances giving rise to an inference of discrimination. *See Collins v. New York City Transit Authority*, 305 F.3d 113, 118 (2d Cir. 2002). Once Falso has established a *prima facie* case, the burden shifts to the District to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *See James v. New York Racing Ass'n*, 233 F.3d 149, 154 (2d Cir. 2000). The burden then returns to Falso, to supply evidence that the legitimate, nondiscriminatory reason offered by the defendant is a pretext. *See St. Mary's Honor Center,* 509 U.S. 502 at 508.

While granting Falso the liberal interpretation and favorable inferences due to him as a *pro se* plaintiff and as a nonmovant, I find that he has nonetheless failed to establish a *prima facie* case of discrimination, and/or to rebut the District's legitimate, nondiscriminatory reason for terminating his employment.

## II.     Falso's Title VII Claim

With respect to his *prima facie* case, Falso has produced no evidence of satisfactory job performance or circumstances giving rise to an inference of discrimination. *See generally Collins,* 305 F.3d 113 at 118. The District contends, and Falso concedes, that complaints were made to the District about Falso's poor and unprofessional performance as a substitute teacher by both students and faculty in four different schools. The complaints, which originated from administrators, faculty member and students, included concerns that Falso lacked the professional and academic skills necessary to teach effectively, was unable to manage students in a classroom, required frequent intervention from other adults, appeared unfocused and distracted, had touched female students in a way that made them uncomfortable, and followed female students to a restroom and loitered

outside it in a suspicious manner.  These matters provided ample and compelling justification for the District to terminate Falso.

Furthermore, Falso cannot show circumstances giving rise to an inference of discrimination, or demonstrate that the District's purported reason for terminating his employment – poor performance – was a pretext for discrimination.  The sole incident related by Falso to raise an inference of discrimination is a comment he attributes to School No. 22 Principal Clinton Bell, who reportedly told Falso, "We don't need your kind in our school."  On its face, the comment makes no reference to Falso's national origin, and because it occurred in the context of discussing allegations of improper behavior made by students against Falso, appears to have referred to Falso's conduct and not to his national origin.  Even if the comment was interpreted as a disparaging reference to Falso as an Italian-American, one-time remarks are generally insufficient to establish an inference of discrimination for Title VII purposes.  *See Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 270-271 (2001).

As such, Falso has failed to establish a *prima facie* case of gender-based discrimination, and further cannot rebut the District's legitimate, nondiscriminatory reason for terminating his employment.

**III.    The District's Request for Sanctions**

The District has asked the Court to impose sanctions on Falso, based on his continued prosecution of claims wholly lacking in evidentiary and legal support.  Fed. R. Civ. Proc. 11, however, specifies that a "motion for sanctions must be made separately from any other motion . . ."  Fed. R. Civ. Proc. 11(c)(2).  I accordingly deny the District's request for sanctions, without prejudice to the District's right to move for sanctions by separate motion in accordance with Fed. R. Civ. Proc. 11(c)(2).

### IV.     Final Cautionary Instruction To Plaintiff

In a series of escalating warnings, this Court has cautioned Falso that in extraordinary circumstances, "a litigant may be enjoined from commencing further [*pro se*] actions in federal court, either entirely or without prior permission from the court, when the litigant demonstrates a pattern of bringing frivolous or repetitive proceedings." *Falso v. Gates Chili Central School District*, 680 F. Supp. 2d 465, 467 (W.D.N.Y. 2010), *quoting Corbett v. Bank of Cal. Int'l*, 1993 U.S. Dist. LEXIS 8855 at *13 (S.D.N.Y. 1993).  The Court has specifically reminded Falso that frivolous litigation can also result in monetary sanctions, and/or awards of attorneys' fees to those parties that have been forced to defend against patently meritless lawsuits.  *Corbett*, 1993 U.S. Dist. LEXIS 8855 at *14.

Since January 2004, Falso has brought at least nine *pro se* actions in this Court containing markedly similar, legally deficient allegations of discrimination against various former employers. All but one have now been dismissed as frivolous, procedurally deficient, or otherwise lacking adequate evidentiary support.  Should Falso's pattern of pursuing frivolous claims continue with the filing or the continued prosecution of transparently meritless claims, or should the District make the requisite showing of merit on a separate motion for sanctions in this case, the Court cautions plaintiff that it will not hesitate to order injunctive relief and/or monetary sanctions, as it deems appropriate.

### CONCLUSION

For the foregoing reasons, I find that Falso has failed to establish a *prima facie* case of gender-based discrimination, and/or to rebut the District's legitimate, nondiscriminatory reasons for terminating his employment.  Accordingly, the District's motion for summary judgment dismissing Falso's claims (Dkt. #11) is granted, and the complaint is dismissed, with prejudice.  The District's request for sanctions is denied, without prejudice.  Plaintiff is cautioned that the further pursuit of

frivolous claims in his pending and/or future actions may move the Court to levy sanctions pursuant to Fed. R. Civ. Proc. 11.

  IT IS SO ORDERED.

            _____
             DAVID G. LARIMER
             United States District Judge

Dated: Rochester, New York
   March 31, 2011.